IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUDREY MAE REYES,

    Plaintiff,

v.                                                          Civ. No. 17-243 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REVERSE OR REMAND

**THIS MATTER** is before the Court on Plaintiff Audrey Mae Reyes' Motion to Remand to Agency for Rehearing. Doc. 16. For the reasons discussed below, the Court DENIES Plaintiff's motion and affirms the ALJ's decision.

**I.**     **Background**

Plaintiff filed an application for a period of disability and disability insurance benefits, as well as a separate application for supplemental security income on December 12, 2012. AR 13, 48. Plaintiff claimed disability due to breast cancer, hypertension, and depression. AR 48. Plaintiff alleged a disability onset date of January 1, 2009. AR 48. Plaintiff's claims were initially denied on June 20, 2013, and upon reconsideration on February 14, 2014. AR 13. Plaintiff filed a written request for a hearing on April 24, 2014. AR 13. The hearing was held on December 15, 2015. AR 13. On February 1, 2016, the ALJ entered his decision finding Plaintiff not disabled. AR 22. On December 16, 2016, the Appeals Council denied Plaintiff's request for review. AR 1. This appeal followed.

Because the parties are familiar with the record in this case, the Court will reserve discussion of Plaintiff's relevant medical history for its analysis.

1

## II. Applicable Law

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III. Analysis

Plaintiff raises three issues for review. First, Plaintiff contends that the ALJ failed to appropriately evaluate Plaintiff's description of her symptoms in accordance with SSR 16-3p. Second, Plaintiff contends that the ALJ did not engage in a function by function analysis when considering Plaintiff's limitations. Third, Plaintiff contends that the ALJ improperly found that Plaintiff could work as a billing typist. The Court will address these issues in turn.

#### A. The ALJ's Credibility Determination

Plaintiff contends that the ALJ impermissibly based his credibility finding on an assessment of Plaintiff's character or truthfulness. Doc. 16 at 12. Plaintiff argument is premised on SSR 16-3p which recently superseded SSR 96-7p. SSR 16-3p modified SSR 96-7p and provides that an ALJ's evaluation of subjective symptoms should not be an examination of the claimant's character or truthfulness. SSR 16-3p. Noting that SSR 16-3p became effective on March 28, 2016, after the ALJ's decision in this case, Plaintiff argues that SSR 16-3p applies retroactively. Doc. 16 at 12.

Plaintiff is incorrect that SSR 16-3p applies retroactively. Administrative rules should not be "construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). SSR 16-3p specifically states that the Social Security Administration will apply it "when we make determinations and decision on or after March 28, 2016." SSR 16-3p further provides that "[w]hen a federal court reviews our final decision in a claim, we also explain that we expect the court to review the final decision using the **rules** that were in effect at the time we issued the decision under review." Thus, SSR 16-3p explicitly provides that it does not apply retroactively and that the Court is to utilize the rule in place at the time of the ALJ's decision in reviewing a claim. In this case, that would be SSR 96-

7p. *See Salazar v. Berryhill*, Civ. No. 16-136, 2018 WL 1033207 at *2 (D. Utah Feb. 2, 2018). The Court accordingly rejects Plaintiff's contention that the ALJ's decision failed to comport with SSR 16-3p.

### B. Function by Function Assessment

Plaintiff contends that the ALJ did not engage in a function by function analysis in considering Plaintiff's limitations. Doc. 16 at 15. Specifically, Plaintiff contends that the ALJ's RFC did not take into account the limitations imposed by pain and numbness in her left arm.

An RFC is a reflection of "the maximum amount of each work-related activity the individual can perform." *Id.* The ALJ must therefore describe the "individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.* The ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case recorded were considered and resolved." *Id.* SSR 96-8p provides that

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), or (d) of 20 C.F.R. 404.1545 and 416.945. Only after that may the RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

This requires the ALJ to address "an individual's limitations and restrictions of physical strength and define [] the individual's remaining abilities to perform each of seven strength demands: sitting, standing, walking lifting, carrying, pushing and pulling." *Id.*

In the present case, the ALJ found that Plaintiff has the RFC to

Perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that she can only frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds, and occasionally crawl. In addition, the claimant must avoid concentrated exposure to extreme heat, wetness, humidity, and hazards.

AR 18. As noted above, Plaintiff takes issue with the ALJ's RFC because she contends it failed to account for her complaints of numbness in her left arm. Plaintiff's complaints of numbness

5

are traced to her breast cancer diagnosis in December 2012. During a mastectomy in January 2013, several lymph nodes on her left side were also removed. AR 313. In September 2013, Plaintiff complained to Dr. Annette Fontaine of numbness and tingling in her fingers. AR 424. Plaintiff repeated these complaints in May 2014. AR 484, 486. In May 2014, Plaintiff developed lymphedema as a result of the lymph node removal. AR 644. In late 2014, Plaintiff began visiting an occupational therapist for the lymphedema. AR 644. The occupational therapist noted that the lymphedema does not interfere with Plaintiff's functional activities and that her activities of daily living were consistent with her pre-lymphedema abilities. AR 645. The occupational therapist provided Plaintiff a compression sleeve for her arm. AR 646. In a progress report filed two weeks later, Plaintiff rated her pain 0/10 and indicated that her lymphedema had improved, as well as her activities of daily living. AR 648, 650. During her next visit, Plaintiff rated her pain 1/10 but indicated that her status was improving. AR 651.

During the hearing, Plaintiff testified that she does not have feeling in her left hand due to her lymphedema. AR 35. Plaintiff further testified that she cannot lift with her left hand. AR 38. Plaintiff testified that she cannot lift her left arm over her head and is functionally a one-armed person. AR 38. Plaintiff testified that she would have difficulty using a computer because she does not have feeling in her left hand and would need to look down to make sure she was touching the keys. AR 40.

Dr. Fontaine completed two function reports. Specific to the issue at hand, Dr. Fontaine's first function report opined that Plaintiff was limited in her upper extremities and limited to occasionally lifting less than five pounds. AR 456. Dr. Fontaine further opined that Plaintiff cannot perform fine manipulation with her left hand. AR 456. Dr. Fontaine indicated that Plaintiff would have difficulty in manipulating objects, such as keyboards. AR 457. In her

6

November 18, 2015, function report, Dr. Fontaine similarly opined that Plaintiff could only occasionally lift less than five pounds and could not perform gross or fine manipulation. AR 607.

Contrary to Plaintiff's argument, the ALJ was not required to incorporate limitations regarding her left arm in the RFC. First, consistent with SSR 96-7p, the ALJ found Plaintiff's allegations of disabling numbness not supported by the record. *See* AR 19 ("The medical record also does not support the claimant's alleged limitations using her upper extremities."). The ALJ cited specific evidence relevant to this finding. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (stating that an ALJ is required to discuss specific evidence in support of determination that the claimant's allegations are not credible). For instance, the ALJ noted that after being fitted with a compression sleeve, Plaintiff's lymphedema had decreased, her pain was rated 0 out of 10, and her "extremities were consistently described as normal." AR 19 (*See* AR 624, 644, 645, 648, 650). On a more generalized level, the ALJ found that Plaintiff's allegations regarding her limitations inconsistent with her daily activities and noted the "stark contrast between the limitations alleged in connection with [her] disability claim versus the limitations alleged when seeking medical treatment." AR 20. On this point, the ALJ noted Plaintiff's testimony that she had functionally lost the use of her left arm and indicated that one would expect Plaintiff to have reported such an extreme limitation to her treatment providers. AR 20. Instead, the ALJ notes, Plaintiff was described by treatment providers as "fully active, able to carry on all predisease activities without restrictions." AR 20.

As for Dr. Fontaine's function reports, the ALJ accorded these two reports no weight because Dr. Fontaine included in both reports disclaimers that her responses were based on patient reporting, not direct observation. AR 454; 608. Dr. Fontaine further stated that she was

7

"not qualified" to provide opinions on these areas of Plaintiff's functionality. AR 608. Plaintiff does not challenge the weight the ALJ assigned Dr. Fontaine's opinion and the Court accordingly does not question the validity of the ALJ's assessment of these opinions. Given that the ALJ accorded Dr. Fontaine's opinions no weight and appropriately found Plaintiff's subjective complaints not fully credible, the Court concludes that the ALJ was not required to incorporate limitations in the RFC regarding alleged limitations of Plaintiff's left arm and hand. *See Qualls*, 206 F.3d at 1372 (holding that an ALJ is not required to incorporate into an RFC limitations that are not supported by the medical record).

### C. Past Relevant Work

Plaintiff contends that the ALJ erred in determining that Plaintiff could perform her past relevant work as a billing typist. Doc. 16 at 18. As Plaintiff acknowledges, this argument is contingent on the Court assigning error to the ALJ's determination regarding Plaintiff's allegations of limitations in her left arm and hand. *Id.* Because the Court concludes that the ALJ properly found no limitations in regard to Plaintiff's use of her left arm and hand, the Court rejects this argument. The Court further concludes that because the ALJ's finding on this point was based on the vocational expert's testimony, substantial evidence supports the finding. *Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990).

### Conclusion

For the foregoing reason, the Court DENIES Plaintiff's Motion to Remand to Agency (Doc. 16).

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent